IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEREK DOSSETTO,

   Plaintiff,

v.

MACKINAC ISLAND FERRY COMPANY,
d/b/a ARNOLD TRANSIT COMPANY,

   Defendant.

Case No.: 2:26-cv-00048

Hon.

_____

**Marc J. Mendelson (P52798)**
**Madeline M. Sinkovich (P82846)**
Mike Morse Law Firm
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, MI 48075
Madeline.sinkovich@855mikewins.com
theresa.green@855mikewins.com
_____

## COMPLAINT AND JURY DEMAND

Plaintiff Derek Dossetto, by and through his attorneys, Mike Morse Law Firm PLLC, states as follows for his Complaint against Defendant Mackinac Island Ferry Company:

### PARTIES

1. Plaintiff Derek Dossetto is an individual who resides in Hessel, Michigan.

1

2. Defendant Mackinac Island Ferry Company is a Michigan domestic profit corporation doing business as Arnold Transit Company with its principal place of business located at 587 N. State Street, Saint Ignace, Michigan 49781.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333 (admiralty and maritime jurisdiction) and 46 U.S.C. § 30104 (Jones Act).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this district and the events giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

5. At all times relevant to this Complaint, Defendant Mackinac Island Ferry Company operated passenger ferry vessels transporting passengers and cargo across the Straits of Mackinac between the mainland and Mackinac Island.

6. At all times relevant, Plaintiff was employed by Defendant as a deckhand working out of Saint Ignace, Michigan on Defendant's ferry vessels.

7. As part of his duties, Plaintiff was required to raise and lower the heavy passenger boarding ramp at the stern of Defendant's vessels multiple times per shift as part of routine passenger embarkation and disembarkation operations.

8. Defendant's written safety materials, including a safety bulletin dated March 2024, provided that the boarding ramp was to be raised and lowered by two employees when possible.

9. Despite this written directive, Defendant regularly required Plaintiff to raise and lower the heavy boarding ramp alone during routine ferry operations.

10. Plaintiff requested assistance from Defendant's safety manager and human resources department, but Defendant failed to provide adequate staffing or assistance.

11. Defendant knew or should have known that its staffing practices and the configuration of the boarding ramp created an unsafe condition for deckhands and failed to take corrective action.

12. The boarding ramp required substantial physical force to operate and was not equipped with mechanical assistance to reduce the physical strain on crew members.

13. During the course of his employment in or around July 2024, and as a result of Defendant's requirement that Plaintiff raise and lower the heavy boarding ramp without assistance, Plaintiff suffered a serious injury to his lower back while performing his assigned duties aboard Defendant's vessel.

14. Plaintiff experienced severe pain in his lower back and sought emergency medical treatment.

15. Medical imaging revealed herniated discs and related lumbar pathology in Plaintiff's lumbar spine.

16. Despite providing medical documentation of his work restrictions and reporting his injury to Defendant's management, Defendant failed to modify Plaintiff's duties or provide adequate assistance to allow him to perform his work safely.

17. Plaintiff was unable to continue performing his deckhand duties due to persistent and worsening back pain following the onset of his injury.

18. Plaintiff subsequently underwent lumbar spine fusion surgery requiring the implantation of spinal hardware including screws, rods, interbody cages, and bone graft material.

19. Plaintiff continues to experience severe pain, leg weakness, difficulty sitting and standing, fall risk, and significant limitations in his daily activities.

20. Plaintiff has experienced multiple falls since the date of injury due to his legs giving out from pain.

21. Prior to his injury, Plaintiff regularly participated in physically demanding recreational activities. Since his injury, he has been substantially limited in his ability to engage in those activities due to ongoing pain and functional restrictions.

22. Plaintiff has suffered severe depression and mental anguish as a result of his injuries and disability.

23. Plaintiff seeks recovery for damages not compensable through maintenance and cure, including pain and suffering, mental anguish, permanent disability, and loss of enjoyment of life.

## COUNT I
## JONES ACT NEGLIGENCE
## (46 U.S.C. § 30104)

24. Plaintiff incorporates by reference all preceding paragraphs.

25. At all times relevant, Plaintiff was a seaman within the meaning of 46 U.S.C. § 30104, working aboard Defendant's vessels on navigable waters.

26. Defendant owed Plaintiff a duty to provide a safe place to work and to exercise reasonable care under the circumstances.

27. Defendant breached its duties to Plaintiff in the following ways:

   a. Failing to provide adequate personnel to safely raise and lower the boarding ramp despite Defendant's own safety policy instructing two people when possible;

   b. Requiring Plaintiff to perform a two-person job alone without assistance;

    c. Failing to provide equipment with proper safety features, including mechanical assistance to reduce physical strain required to operate the boarding ramp;

    d. Failing to respond to Plaintiff's repeated requests for assistance from safety management and human resources;

    e. Maintaining vessels and equipment in an unsafe and unfit condition including the boarding ramp and related appurtenances;

    f. Failing to provide adequate training and supervision;

    g. Failing to implement and enforce its own safety policies; and

    h. Otherwise failing to exercise reasonable care for Plaintiff's safety.

28. Defendant's negligence was a proximate cause of Plaintiff's injuries and damages.

29. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered and will continue to suffer:

    a. severe and permanent physical injuries to his lumbar spine requiring surgical intervention;

    b. past, present, and future physical pain and suffering; past, present, and future mental and emotional distress, including depression;

    c. loss of wages and earning capacity;

    d. loss of enjoyment of life and diminished quality of life;

  e. medical expenses, both past and future;

  f. inability to perform activities of daily living;

  g. permanent physical disability and impairment;

  h. and other damages to be proven at trial.

## COUNT II
## UNSEAWORTHINESS

30. Plaintiff incorporates by reference all preceding paragraphs.

31. Defendant had a non-delegable duty to provide Plaintiff with seaworthy vessels and seaworthy appurtenances, including safe and adequate equipment and a sufficient crew.

32. Defendant's vessels were unseaworthy in the following respects:

  a. The boarding ramp, an appurtenance integral to the vessel's normal operation and passenger embarkation, was defective and unsafe, lacking mechanical assistance or other safety features necessary to reduce the physical strain required for safe operation;

  b. The crew was insufficient in number to safely perform required tasks, including the raising and lowering of the boarding ramp; and

  c. The vessels and equipment were otherwise unsafe and unfit for their intended purpose.

33. The unseaworthiness of Defendant's vessels was a proximate cause of Plaintiff's injuries and damages.

34. As a direct and proximate result of the unseaworthy condition of Defendant's vessels, Plaintiff has suffered and will continue to suffer:

    a. severe and permanent physical injuries to his lumbar spine requiring surgical intervention;

    b. past, present, and future physical pain and suffering; past, present, and future mental and emotional distress, including depression;

    c. loss of wages and earning capacity;

    d. loss of enjoyment of life and diminished quality of life;

    e. medical expenses, both past and future;

    f. inability to perform activities of daily living;

    g. permanent physical disability and impairment;

    h. and other damages to be proven at trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Derek Dossetto respectfully requests that this Court enter judgment in his favor and against Defendant Mackinac Island Ferry Company as follows:

    A. Awarding Plaintiff compensatory damages in an amount to be determined at trial;

    B. Awarding Plaintiff pre-judgment and post-judgment interest as allowed by law;

C. Awarding Plaintiff costs and expenses of this action; and

D. Granting such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        MIKE MORSE LAW FIRM PLLC

        By: *Madeline M. Sinkovich*
        Madeline M. Sinkovich (P82846)
        24901 Northwestern Highway, Suite 700
        Southfield, Michigan 48075
        (248) 350-9050
        madeline.sinkovich@855mikewins.com

        Attorneys for Plaintiff

Dated: March 3, 2026

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury of all issues so triable, pursuant to Fed. R. Civ. P. 38(b).

                                  Respectfully submitted,

                                  MIKE MORSE LAW FIRM

Dated: March 3, 2026           */s/ Madeline M. Sinkovich*
                                  Madeline M. Sinkovich (P82846)
                                  24901 Northwestern Highway, Suite 700
                                  Southfield, Michigan  48075
                                  Madeline.sinkovich@855mikewins.com
                                  248-350-9050